UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ALAN WRAY,

    Plaintiff,

-vs-                                            Case No. 8:19-cv-1407-T-02AEP

CHAD CHRONISTER,

    Defendant.
_____/

## ORDER

Mr. Wray initiated this action by filing a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2).

Section 1915(g) limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

The Court takes judicial notice of filings previously brought by Mr. Wray that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be

granted: (1) Case No. 8:19-cv-538-T-17JSS (M.D.Fla.) (dismissal on grounds of judicial immunity);[1] (2) Case No. 8:19-cv-720-T-36AAS (M.D.Fla.) (dismissal for failure to state a claim upon which relief may be granted); (3) Case No. 8:19-cv-865-T-02-AEP (M.D.Fla.) (dismissal for failure to state a claim/failure to exhaust administrative remedies); and (4) Case No. 19-cv-895-T-23TGW (M.D.Fla.) (dismissal for failure to state a claim upon which relief can be granted).[2] Because Mr. Wray has had three or more dismissals that qualify under Section 1915(g) and failed to allege facts showing that he is under imminent danger of serious physical injury,[3] he is not permitted to proceed *in forma pauperis*. This action will therefore be dismissed.

Accordingly, it is **ORDERED** that this case is **DISMISSED** without prejudice to Mr. Wray's filing of a new complaint, in a new case, with a new case number, upon the payment of the $400.00 filing fee. The **Clerk** is directed to terminate all pending motions as moot and close this case.

**DONE and ORDERED** in Tampa, Florida on ____June 13th____, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copy to: James Alan Wray, *pro se*

---

[1] *See Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir.1997) (dismissal on the grounds of judicial immunity is a dismissal for failure to state a claim).

[2] *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998) (dismissal of a prior suit for failure to exhaust administrative remedies properly counts as a strike under § 1915(g)).

[3] Mr. Wray challenges the procedures used at the jail to collect prisoners' outgoing mail.